| | |
|---|---|
| 1 | Kelly H. Dove (No. 10569)<br>Snell & Wilmer, LLP |
| 2 | 1700 S. Pavilion Center Dr.<br>Ste. 700 |
| 3 | Las Vegas, Nevada 89135<br>702.784.5200 |
| 4 | kdove@swlaw.com |
| 5 | James W. McGarry (*pro hac vice*) |
| 6 | Goodwin Procter LLP<br>100 Northern Avenue |
| 7 | Boston, MA 02210<br>Tel.: 617.570.1000 |
| 8 | Email: jmcgarry@goodwinlaw.com |
| 9 | Yvonne Chan (*pro hac vice*) |
| 10 | Jones Day<br>100 High Street |
| 11 | Boston, MA 02210<br>Tel.: 617.449.6914 |
| 12 | Email: ychan@jonesday.com |
| 13 | [*Additional counsel listed in signature block*] |
| 14 | *Attorneys for Defendant* |
| 15 | *Bank of America, N.A.* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIFFANY YIP, et al., | Case No. 2:21-cv-01254-ART-EJY |
| Plaintiffs, | Consolidated with:<br>2:21-cv-02149-APG-BNW |
| vs. | |
| BANK OF AMERICA, N.A., | **INDIVIDUAL PLAINTIFFS'** |
| Defendant. | **STIPULATED DISCOVERY PLAN AND**<br>**SCHEDULING ORDER** |
| A.M. HAMILTON, et al., | Case No. 2:22-cv-00374-ART-EJY |
| Plaintiffs, | |
| vs. | |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

ACTIVE/132317320.2
ACTIVE/132317320.5
ACTIVE/132317320.6

**REQUEST FOR SPECIAL SCHEDULING REVIEW**

The Individual Plaintiffs and Defendant Bank of America, N.A. ("Defendant" or "BANA"), by and through their counsel of record, hereby submit this Proposed Discovery Plan and Scheduling Order pursuant to Local Rules 16-1 and 26-1 and Federal Rules of Civil Procedure 16 and 26, after meeting and conferring on October 31 and November 12, 2024.

1. **Stipulated Deadlines.**

| EVENT | DATE |
| --- | --- |
| **Second Amended Complaint** must be filed by: | January 3, 2025 |
| **Motion to Dismiss the SAC** briefing schedule: | February 28, 2025 (Motion to Dismiss)<br><br>April 7, 2025 (Opposition)<br><br>April 28, 2025 (Reply) |
| **Initial Disclosures** must be exchanged by: | January 10, 2025 |
| **BANA serves its First Set of Written Discovery:** | January 17, 2025 |
| **Plaintiffs serve their Verified Responses to BANA's First Set of Written Discovery:** | 30 Plaintiffs ("Wave 1") serve their Verified Responses and Documents: February 28, 2025<br><br>30 Plaintiffs ("Wave 2") serve their Verified Responses and Documents: March 28, 2025<br><br>30 Plaintiffs ("Wave 3") serve their Verified Responses and Documents: April 25, 2025<br><br>30 Plaintiffs ("Wave 4") serve their Verified Responses and Documents: May 23, 2025<br><br>Remaining Plaintiffs ("Wave 5") serve their Verified Responses and Documents: June 20, 2025 |
| **BANA provides its Relevant Business** | BANA serves its relevant business records for Wave 1 Plaintiffs: March 28, 2025 |

| **Records[1] for Individual Plaintiffs' Prepaid Unemployment Benefit Debit Card Accounts** for those who provide Verified Responses and Documents:[2] | BANA serves its relevant business records for Wave 2 Plaintiffs: April 25, 2025<br><br>BANA serves its relevant business records for Wave 3 Plaintiffs: May 23, 2025<br><br>BANA serves its relevant business records for Wave 4 Plaintiffs: June 20, 2025<br><br>BANA serves its relevant business records for Wave 5 Plaintiffs: July 18, 2025 |
|---|---|
| **Depositions:** | BANA shall take the depositions of 3 Individual Plaintiffs from each Wave, after which Individual Plaintiffs shall be able to take a Federal Rule of Civil Procedure 30(b)(6) ("FRCP 30(b)(6)") deposition of BANA as it pertains to those Individual Plaintiff-Deponents' files.<br><br>**Wave 1 Depositions (May and June 2025)**<br>3 Individual Plaintiffs from Wave 1 provide dates for deposition by April 11, 2025, for a deposition in May and June 2025.[3] |

---

[1] "Relevant Business Records" must include at least the following business records, to the extent that they are reasonably available: a spreadsheet including Note History, Transaction History, Card History, Freeze History and Block History; transactions records; call recordings; correspondence; and investigative documentation.

[2] BANA is under no duty to provide relevant business records to Individual Plaintiffs, who do not respond to discovery. To the extent fewer than 30 Individual Plaintiffs provide verified responses and documents as required by a given Wave's deadline, BANA agrees to provide the relevant business records for the timely responding Individual Plaintiffs on the stipulated Wave's deadline. The time for which BANA needs to provide relevant business records as to any Individual Plaintiff's untimely verified responses and documents shall be due on the next Wave's stipulated deadline for producing business records.

[3] To the extent any of a given Wave's Plaintiff-Deponents fail to appear for deposition, the Individual Plaintiffs shall provide dates within three (3) business days for no fewer than three additional Plaintiff-Deponents from that Wave for BANA to depose during that Wave's Deposition Phase.

Plaintiffs will take 3 related depositions of Defendant under FRCP 30(b)(6) beginning at least seven days after the conclusion of Wave 1 Plaintiff depositions.

**Wave 2 (June and July 2025)**
3 Individual Plaintiffs from Wave 2 provide dates for deposition by May 9, 2025, in June and July 2025.

Plaintiffs will take 3 related depositions of Defendant under FRCP 30(b)(6) beginning at least seven days after the conclusion of Wave 2 Plaintiff depositions.

**Wave 3 (July and August 2025)** 3 Plaintiffs from Wave 3 provide dates for deposition by June 6, 2025, in July and August 2025.

Plaintiffs will take 3 related depositions of Defendant under FRCP 30(b)(6) in beginning at least seven days after the conclusion of Wave 3 Plaintiff depositions.

**Wave 4 (July and August 2025)**
3 Plaintiffs from Wave 4 provide dates for deposition by July 3, 2025, for July and August 2025.

Plaintiffs will take 3 related depositions of Defendant under FRCP 30(b)(6) in beginning at least seven days after the conclusion of Wave 4 Plaintiff depositions.

**Wave 5 (August and September 2025)**
3 Plaintiffs from Wave 5 provide dates for deposition by August 1, 2025, for August and September 2025.

Plaintiffs will take 3 related depositions of Defendant under FRCP 30(b)(6) in beginning at least seven days after the conclusion of Wave 5 Plaintiff

| | |
|---|---|
| | depositions.<br><br>**Remaining Individual Plaintiff Depositions**<br>The Parties agree to meet and confer regarding the remaining Individual Plaintiff depositions by September 12, 2025. |
| **Amendments to Pleadings and Adding Parties** must be filed by: | April 18, 2025 (for Individual Plaintiffs) |
| **Expert Discovery**:*<br><br>Expert Disclosures/Reports must be served by:<br><br>Rebuttal Expert Disclosures/Reports must be served by: | September 29, 2025 (60 days before close of discovery)<br><br>November 13, 2025 (45 days after the Initial Disclosure of Experts) |
| **Discovery Cut-Off Date**:* | January 16, 2026 |
| **Dispositive Motions** must be filed by:* | March 17, 2026 (60 days after close of discovery) |

\* These reflect the same dates proposed in the consolidated *Hamilton* action.

2.      **Pre-Trial Order.** The parties shall file a joint pre-trial order no later than thirty (30) days after the date set for filing dispositive motions, which is March 17, 2026.  However, if dispositive motions are filed, the date for filing the joint pre-trial order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

3.      **Initial Disclosures.** The parties shall make initial disclosures on or before **January 10, 2025**.  Any party seeking damages shall comply with Federal Rules of Civil Procedure 26(a)(1)(A)(iii).

4.      **Extension of Discovery Deadline.** The parties agree that discovery shall comply fully with LR II 26-4, and that applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.  The parties agree that requests to extend the discovery deadlines set forth in this Discovery Plan and Scheduling Order must be filed with the Court no later than December 16, 2025, thirty (30) days prior to the close of discovery.

5

5. **Electronically Stored Information (ESI).** The parties agree to meet and confer on a Stipulated ESI Protocol to be entered by the Court to govern the exchange and disclosure of ESI in this case.

6. **Electronic Service and Electronic Evidence (LR II 26-1(b)(9)).** The parties certify that they accept electronic service of discovery requests, discovery responses, and other papers pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

7. **Protective Orders.** The parties agree to meet and confer on a Stipulated Protective Order to be entered by the Court to govern the use and disclosure of such information.

8. **Responses to Discovery Served Prior to the Rule 26(f) Conference.** Any discovery served prior to the Rule 26(f) Conference is premature per Fed. R. Civ. P. 26(d)(1). No responses are required. Any discovery served prior to the Rule 26(f) Conference must be re-served at the appropriate time.

9. **LR II 26-1(b) Certifications**

   a. **Alternative Dispute Resolution Certification.** The parties have discussed alternative dispute resolution processes and are further exploring mediation options, but do not consent to arbitration and early neutral evaluation at this stage.

   b. **Alternative Forms of Case Disposition Certification.** The parties agree that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties do not consent to trial by a magistrate judge or use of the Short Trial Program.

Dated November 20, 2024                                    SNELL & WILMER L.L.P.

By: /s/ Joshua Swigart                                     By: /s/ *Kelly H. Dove*
Michael Kind (No. 13903)                                   Kelly H. Dove (No. 10569)
KIND LAW                                                   SNELL & WILMER LLP
8860 South Maryland Parkway, Suite 106                     1700 S. Pavilion Center Dr.
Las Vegas, Nevada 89123                                    Ste. 700
(702) 337-2322                                             Las Vegas, Nevada 89135
mk@kindlaw.com                                             (702) 784-5200
                                                           kdove@swlaw.com

ACTIVE/132317320.6

George Haines (No. 9411)
Gerardo Avalos (No. 15171)
FREEDOM LAW FIRM
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
ghaines@freedomlegalteam.com
gavalos@freedomlegalteam.com

Joshua Swigart (pro hac vice)
SWIGART LAW GROUP, APC
221 Camino del Rio S., Suite 308
San Diego, CA 92108
(866) 219-3343
josh@swigartlawgroup.com
*Attorneys for Individual Plaintiffs*

James McGarry (pro hac vice)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
jmcgarry@goodwinlaw.com

Laura G. Brys (pro hac vice)
GOODWIN PROCTER LLP
601 South Figueroa Street, Suite 4100
Los Angeles, CA 90017
(213) 426-2500
lbrys@goodwinlaw.com

Yvonne Chan (pro hac vice)
JONES DAY
100 High Street
Boston, MA 02210
(617) 449-6914
ychan@jonesday.com

*Attorneys for Defendant Bank of America, N.A.*

**ORDER**

IT IS SO ORDERED.

_____
Honorable Magistrate Judge Elayna J. Youchah

DATED: November 20, 2024

4864-3052-0317

ACTIVE/132317320.6