UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TIFFANY YIP, et al.,

Plaintiffs,

v.

BANK OF AMERICA, N.A.,

Defendant.

Case No. 2:21-cv-01254-ART-EJY

**ORDER**

The Court has before it Plaintiff James P. Morgan's Objection to Former Counsel's Status Report and Request for Leave to Issue Rule 45 Subpoena.[1] ECF No. 234. The Court liberally construes Mr. Morgan's Objection as a motion to compel production of documents from former counsel and issue a subpoena to one member of former counsel's group. The Court also reviewed the Response filed by former counsel (ECF No. 237)[2] and Mr. Morgan's Reply (ECF No. 241).[3] The Court finds Mr. Morgan asks the Court to compel production of documents he contends are missing from his client file maintained by former counsel (including Mr. Shay). ECF No. 234 at 3.

In their Response, former counsel states all documents in Mr. Morgan's client file were produced. ECF No. 237 at 3. The additional emails Mr. Morgan seeks were not ones on which he was a recipient and, thus, they were never in his file. *Id.* Former counsel submits no documents were withheld from the production of Mr. Morgan's client file. *Id.* Regarding Mr. Morgan's request for a subpoena, former counsel explains Mr. Shay was a lawyer retained to associate and coordinate with former counsel. *Id.* at 3-4. Former counsel further explains there was only one client file for Mr. Morgan, and that file has been produced. *Id.* at 4. P

In Reply Mr. Morgan points to the failure to produce the written agreement between former counsel and Mr. Shay as allegedly required by the retainer agreement to which he is a party. ECF

[1] Mr. Morgan is presently proceeding *pro se* by choice.

[2] Former counsel is comprised of the Freedom Law Firm and Kind Law. Such counsel is reminded to comply with **all** Local Rules including those pertaining to formatting filings with the Court.

[3] Mr. Morgan also requested to delay his deposition; however, this issue is moot based on the stipulation filed by the parties and granted on August 10, 2026.

No. 241 at 1. However, the language quoted by Mr. Morgan does not state a written agreement for association must be produced to him or any other plaintiff in this case. *Id*. at 2. Regarding Mr. Morgan's argument that documents in Mr. Shay's possession are equally in the possession of former counsel, the Court agrees and finds no dispute. Former counsel makes clear that they have produced everything in Mr. Morgan's file and this includes documents on which Mr. Shay was copied. ECF No. 237 at 3 (referencing communications dated May 30 and June 17, 2026). Mr. Morgan's Reply also discusses (for the first time) issues related to a settlement, which the Court does not address.[4] ECF No. 241 at 3.

A review of all the information before the Court leads to the conclusion that former counsel produced to Mr. Morgan his complete client file. There is nothing before the Court that supports a contrary interpretation of the facts. There is also nothing supporting the contention that Mr. Shay has a separate file or any documents to which former counsel did not have access that should have been, but were not, part of the file produced to Mr. Morgan. That Mr. Morgan's name was used in an email does not render it necessarily produceable.

The Court finds there is no factual or legal support for granting Mr. Morgan's request to issue a Rule 45 subpoena to one of his former counsel—that is, Mr. Shay. The Court further finds Mr. Morgan's moving papers demonstrate he has all or at least some of (1) the documents dated June 9, 2026 titled "Urgent Fee Dispute," (2) the May 8, 2026 "wire instruction email regarding case-related expenses," and (3) communications occurring on six different dates on which Mr. Shay was copied. Mr. Morgan could not have identified these communications if he had no access to any portion of their contents. In the end, the Court notes the only document to which Mr. Morgan refers that appears not to be in his possession, but may be a client-file document, is a case valuation email dated June 26, 2026, which was generated five days before counsel for Mr. Morgan sought to withdraw.

In sum, therefore, at this juncture, with the exception of the June 26, 2026 case valuation email, it is at best unclear what, if anything, Mr. Morgan is missing, whether any of what he is

---

4 "The district court need not consider arguments raised for the first time in a reply brief." *United States v. Gianelli*, 543 F.3d 1178, 1184 n. 6 (9th Cir. 2008); *Sophanthavong v. Palmateer*, 378 F.3d 859, 871-72 (9th Cir. 2004) (refusing to reach argument raised for the first time in a reply brief).

missing was ever part of his client file, and whether the documents he seeks are ones to which he is entitled. *Matter of Kaufman*, 567 P.2d 957, 959 (Nev. 1977).

Accordingly, IT IS HEREBY ORDERED that Mr. Morgan's Objection to Former Counsel's Status Report and Request for Leave to Issue Rule 45 Subpoena (ECF No. 234), treated by the Court as a Motion to Compel and to issue a Rule 45 subpoena, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Mr. Morgan's former counsel must produce to Mr. Morgan a copy of the June 26, 2026 case valuation email apparently sent by Joshua Swigart. That production may be done electronically, but no later than **August 18, 2026**.

IT IS FURTHER ORDERED that the request to issue a subpoena to Daniel Shay is DENIED as there are no facts or law supporting the argument that Mr. Shay possesses any documents not also in the possession of Mr. Morgan's former counsel who has produced Mr. Morgan's entire client file.

Dated: this 11th day of August 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE