UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TIFFANY YIP, *et. al.*,<br>Plaintiffs,<br>v.<br>BANK OF AMERICA, N.A.,<br>Defendant. | Case No. 2:21-cv-01254-ART-EJY<br>**ORDER** |
| A.M. HAMILTON, *et. al.*,<br>Plaintiffs,<br>v.<br>BANK OF AMERICA, N.A.,<br>Defendant. | |

Pending before the Court is Bank of America's ("BANA") Unopposed Motion to Seal Documents Lodged in Support of Plaintiffs' Motion to Compel. ECF No. 279. On September 30, 2026, Plaintiffs filed a Motion to Seal 27 exhibits in their entirety because they were designated as confidential under the stipulated protective order. ECF Nos. 271, 272. The Court denied the Motion the same day as unsupported in accordance with well settled law holding that reliance on a stipulated protective order's designation is insufficient to support a sealing request. *Id*.

Through the pending Motion, BANA seeks to seal Exhibits 7, 11 and 13 in part, as well as Exhibits 20, 22, 23, 24, 25, 26 and 27 in full. *Id*. BANA's discussion of whether the parties seek to seal portions of the Motion to Compel itself (ECF No. 270) and the remainder of the exhibits contained in the appendix is relegated to a single footnote. *Id*. at 2, n 2.

First, the continued reference to the "confidential" and "highly confidential" designations of documents is, at best, unpersuasive. Blanket protective orders are "by nature overinclusive" and, thus, designation does not support a finding of good cause to seal. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Second, BANA suggests that the same or substantially

similar documents have been sealed in a case pending before the Southern District of California. ECF No. 279 at 4. Even assuming the finding by a district court in California has some persuasive authority, the Court lacks the resources to conduct a wholesale review of the 49 docket entries BANA cites for this proposition.

Third, BANA's bulleted list of categories of documents it seeks to seal is poorly presented. By way of example only, BANA says it seeks to seal Exhibit 26 because it contains "descriptions of BANA's fraud and operational procedures and platforms used by BANA in connection with the unemployment insurance prepaid programs," and then separately offers the Exhibit includes "BANA's call center operations and strategies." *Compare* ECF No. 279 at 5 *with* 6. Does this one Exhibit contain confidential information on two entirely separate subject matters and, thus, require sealing for both reasons? Even assuming the answer to this question is "Yes," the lack of clarity is surprising.

Fourth, the lack of clarity is more apparent when applied to the exhibits it seeks to seal in part. This is true for Exhibits 7, 11, and 13. By way of example, BANA says Exhibit 7 should be sealed in part because it reflects "implementation of its Remediation Plans" and then separately because the document reflects its "communications with DETR regarding the scope of the Nevada Unemployment Insurance Program." ECF No. 279 at 4, 6. Of course, BANA has not filed a redacted version of this or any other exhibit on the publicly available docket (which it is required to do). This prevents a comparison of redacted and unredacted documents by the Court. Exhibits 11 and 13 fair no better.

Overall, the presentation by BANA was less than optimal. Nonetheless, after careful consideration, and recognizing that Exhibits 20, 22, 23, 24, 25, 26 and 27, filed in connection with the non-dispositive Motion to Compel, are properly sealed as BANA establishes good cause for its request. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Though no redacted versions of Exhibits 7, 11, and 13 were filed on the docket, the Court finds that portions of these exhibits are properly sealed.

Accordingly, IT IS HEREBY ORDERED that Bank of America's Motion to Seal (ECF No. 279) is GRANTED.

IT IS FURTHER ORDERED that Bank of America's Motion to Seal is GRANTED to the extent Exhibits 7, 11, 13, 20, 22, 23, 24, 25, 26 and 27 filed respectively at ECF Nos. 271-7, 271-11, 271-13, 271-20, 271-22, 271-23-271-24, 271-25, 271-26, 271-27 are and shall remain sealed.

IT IS FURTHER ORDERED that the Clerk of Court must unseal the Motion to Compel (ECF No. 270) and Exhibits 1-6, 8-10, 12, 14-19, and 21 filed respectively at ECF Nos. 271-1, 271-2, 271-3, 271-4, 271-5, 271-6, 271-8, 271-9, 271-10, 271-12, 271-14, 271-15, 271-16, 271-17, 271-18, 271-19, 271d-21.

IT IS FURTHER ORDERED that Bank of America's must file redacted versions of Exhibits 7, 11 and 13 on the publicly available docket **no later than October 21, 2026**.

IT IS FURTHER ORDERED that the Clerk of Court must STRIKE the appendix of exhibits filed at ECF No. 280 as it is duplicative.

Dated this 14th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE